UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN JOHNSTON,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:16-cv-449

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, proceeding pro se, brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") finding that plaintiff is not entitled to Supplemental Security Income (SSI). (Doc. 1). This action is before the Court on defendant's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 9) and plaintiff's response in opposition (Doc. 11).

**I. Background**

Plaintiff initially filed an application for SSI on September 19, 2011. (*See* Doc. 9, Exh. 1, Decision of Administrative Law Judge (ALJ)). The application was denied initially and on reconsideration, and plaintiff sought a *de novo* hearing before an ALJ. *Id*. After an administrative hearing, the ALJ issued an unfavorable opinion on September 11, 2014. *Id*. The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied plaintiff's request for review on January 29, 2016. (*Id*., Exh. 2, Notice of Appeals Council Action). The Notice, or "letter," which was dated January 29, 2016, was sent to plaintiff. (*Id*.). The letter informed plaintiff that he had 60 days to file a civil action; the 60 days would start the day after he received the letter; and it was assumed he received the letter "5 days after the date

on it unless you show us that you did not receive it within the 5-day period." (*Id.*, p. 2). The letter also advised plaintiff: "If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request. . . . We will send you a letter telling you whether your request for more time has been granted." (*Id.*, p. 3, Notice of Appeals Council Action). On April 5, 2016, plaintiff filed the instant lawsuit seeking judicial review of the Commissioner's denial of his application for benefits. (Doc. 1).

The Commissioner filed the instant motion to dismiss/motion for summary judgment on August 29, 2016, alleging plaintiff's complaint is barred because it was not filed within the 60-day statute of limitations provided by 42 U.S.C. § 405(g). (Doc. 9). The Commissioner acknowledges that extensions for filing complaints are granted upon a showing of "good cause," but she asserts plaintiff failed to state any basis for filing beyond the 60-day period. Plaintiff submitted a one-page response in which he states that due to his ongoing illnesses of many years' duration and his daily struggles, he sees no reason why defendant's motion to dismiss should be granted. (Doc. 11). Plaintiff alleges he has suffered from documented illnesses for many years; he suffered a broken back and fractured vertebrae and underwent back surgery three weeks prior to the date of his response; and he suffers from a neuromuscular disease and seizures which will only worsen. (*Id.*). Plaintiff did not submit any documentation with his response.

## II. Legal Standard

Defendant has presented certain documents in support of her motion to dismiss or, in the alternative, motion for summary judgment. (Doc. 9, Exhs. 1, 2). Rule 12(d) provides that if matters outside the pleadings are presented on a motion under Rule 12(b)(6) and are not

excluded by the Court, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). However, a district court may consider matters of public record, court orders, and similar documents without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56. *Clarkco Landfill Co. v. Clark County Solid Waste Mgt. Dist.*, 110 F. Supp.2d 627, 633 (S.D. Ohio 1999) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997)). Among the documents the Court may consider are those incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). The Court may take judicial notice of government documents, including a government agency's private letter decisions and determination letters, without converting a motion to dismiss into a motion for summary judgment. *Overall v. Ascension*, 23 F. Supp.3d 816, 824 (E.D. Mich. 2014) (citations omitted).

The documents attached to defendant's motion to dismiss are notices of administrative decisions, which are matters of which this Court can take judicial notice. The Court can therefore consider these matters without converting defendant's motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se complaint must nonetheless satisfy "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. Resolution

Resolution of this matter depends on the outcome of two inquiries: (1) did plaintiff file his lawsuit seeking judicial review of the Commissioner's decision within the statutory 60-day period; and (2) if not, is equitable tolling of the filing period warranted? The statutory filing period is found under 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007); *see* 20 C.F.R. § 422.210(c) ("the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice. . . .").

Here, there is no dispute that the Appeals Council issued a letter to plaintiff dated January 29, 2016, notifying him that the ALJ's determination was the final decision of the

Commissioner. (Doc. 9, Exh. 2). The presumed date of receipt is February 3, 2016. *See* 42 U.S.C. § 405(g). Plaintiff had 60 days from that date to file his complaint, absent a showing that he did not receive the notice within that five-day period. *See* 20 C.F.R. § 416.1401. The 60-day period expired on April 3, 2016 - a Sunday - and the filing deadline was thus extended to Monday, April 4, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C). Plaintiff does not dispute that he received the notice on or before February 3, 2016, or that his complaint was filed after the statute of limitations had expired. Consequently, the only remaining determination is whether the record supports application of equitable tolling in this matter.

The 60-day time limit provided by § 405(g) is not a jurisdictional requirement, but rather constitutes a statute of limitations. *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Accordingly, the Supreme Court has determined that applying traditional principles of equitable tolling to § 405(g) is appropriate and "consistent with the overall congressional purpose[.]" *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Sixth Circuit has identified five factors the Court must consider when determining whether to toll the § 405(g) statute of limitations:

> (1) the [plaintiff]'s lack of [actual] notice of the filing requirement; (2) the [plaintiff]'s lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) an absence of prejudice to the [defendant]; and (5) the [plaintiff]'s reasonableness in remaining ignorant of the legal requirement for filing [the] claim.

*Cook*, 480 F.3d at 437 (quoting *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001), abrogated on other grounds by *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011)). "Equitable tolling generally 'applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Horton v.*

*Comm'r. of Soc. Sec.*, 1:11-cv-90, 2011 WL 5506097, at *3 (S.D. Ohio Nov. 10, 2011) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

In this case, the five factors to be considered weigh in favor of enforcing the 60-day time limit of § 405(g). Plaintiff has made no allegations disputing that he had actual and constructive knowledge of the filing deadline by virtue of the January 29, 2016 letter sent by the Appeals Council. Given plaintiff's uncontested knowledge of the 60-day filing deadline, the first two *Cook* factors do not support a finding that equitable tolling should be applied in this matter. *See Morris v. Comm'r of Soc. Sec.*, No. 1:15-cv-66, 2015 WL 5167634, at *3 (S.D. Ohio Sept. 3, 2015) (Report and Recommendation), *adopted*, 2015 WL 6126838 (S.D. Ohio Oct. 16, 2015) (Black, J.) (the letter sent to the plaintiff by the Appeals Council indicated that the plaintiff had actual notice that she had 60 days to file her complaint). Because there is no indication that plaintiff was unaware of the 60-day filing requirement, the fifth factor - plaintiff's "reasonableness in remaining ignorant of the legal requirement for filing [the] claim[,]" - is inapplicable in this case. *See Cook*, 480 F.3d at 437.

Further, the record does not demonstrate that plaintiff diligently pursued his rights in seeking judicial review so as to satisfy the third *Cook* factor. Plaintiff has not offered an explanation for his failure to comply with the deadline after being advised of it. Nor does plaintiff maintain that the untimely filing was the result of inadvertence or mistake. The Court acknowledges that plaintiff is proceeding pro se in this matter and that there may be circumstances beyond the control of a party proceeding without counsel that preclude him from being able to diligently pursue his rights. *See, e.g., Horton v. Comm'r of Soc. Sec.*, No. 11-cv-90, 2011 WL 5506097, at *3-4 (S.D. Ohio Nov. 10, 2011) (Spiegel, J.) (overruling Report and Recommendation that plaintiff's disability benefits claim be dismissed due to untimeliness where

the plaintiff's filings indicated he failed to meet the 60-day deadline due to cognitive and learning challenges beyond his control). However, there is no indication that such circumstances are present here. Rather, plaintiff's filings are sufficiently intelligible to indicate that he was aware of the procedure for filing this lawsuit and the associated deadlines but simply failed to file within the requisite time period. In the absence of an explanation for his untimely filing, the undersigned is unable to find that plaintiff was diligent in pursuing his rights. Consequently, the third *Cook* factor weighs against equitably tolling the 60-day deadline.

As to the fourth factor, the Commissioner has not alleged any prejudice resulting from plaintiff's one-day delay in filing this lawsuit. Nonetheless, the lack of prejudice does not excuse plaintiff's failure to file his lawsuit within the 60-day filing period. *See Cook*, 480 F.3d 437. The Sixth Circuit in *Cook* rejected an equitable tolling claim raised by a plaintiff who likewise filed his federal complaint one day late. The Court of Appeals acknowledged that allowing the plaintiff to file his complaint just one day past the deadline would create little prejudice to the Commissioner in the case before the Court. *Id*. The Court of Appeals noted, however, that "there are millions of applicants for Social Security benefits each year, and [] the lack of a clear filing deadline could create havoc in the system." *Id*.

For these reasons, the lack of prejudice to the Commissioner resulting from the one-day filing delay in this case is insufficient, standing alone, to warrant equitable tolling of the time limit set forth in 42 U.S.C. § 405(g). The balance of factors to be considered weighs against an equitable tolling of the statute of limitations in this matter.

## IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion to dismiss the complaint (Doc. 9) be **GRANTED** and this matter be **DISMISSED** on the docket of the Court.

Date: 11/9/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN JOHNSTON,
   Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
   Defendant.

Case No. 1:16-cv-449

Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).